IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS

ILLINOIS REPUBLICAN PARTY, WILL COUNTY REPUBLICAN CENTRAL COMMITTEE, SCHAUMBURG TOWNSHIP REPUBLICAN ORGANIZATION, and NORTHWEST SIDE GOP CLUB,

Plaintiffs,

v.

J.B. PRITZKER, in his official capacity as Governor of the State of Illinois,

Defendant.

No. 1:20-cv-3489

**Complaint**

## INTRODUCTION

1. Political parties are for political expression what churches are for religious expression: the corporate manifestation of speech and interaction within a community of shared belief. Political parties' events and rallies are also like protest rallies and marches. And like churches and marches, political parties operate in a world where time matters; the 2020 election is only months away. Also similarly, they operate best in a physical setting; in-person contact is the most persuasive form for communicating ideas. *McCullen v. Coakley*, 573 U.S. 464, 488-89 (2014).

2. Yet, unlike churches, political parties are barred from gathering in groups greater than 10 under the Governor's Executive Order 2020-38. And unlike protestors against police brutality, they have not been given an exemption based on

1

his sympathy, recognition, and participation. This disparate treatment of similar expressive activities violates both the First and 14th Amendments.

3. The Illinois Republican Party and other plaintiffs ("the Party") bring this suit under 42 U.S.C. § 1983, seeking declaratory and injunctive relief.

## PARTIES

4. Plaintiff Illinois Republican Party is a registered political committee that is the statewide vehicle for Republicans to advance their candidates and agenda in the Land of Lincoln. Led by Chairman Tim Schneider, the Party includes among its ranks federal, state, and local elected officials, supported by tens of thousands of donors, grassroots activists, and voters.

5. Plaintiff Will County Republican Central Committee is the local unit of the Republican Party responsible for organizing grassroots activities in Will County.

6. Plaintiff Schaumburg Township Republican Organization is the local unit of the Republican Party responsible for organizing grassroots activities in Schaumburg Township, Cook County.

7. Plaintiff Northwest Side GOP Club is the local unit of the Republican Party responsible for organizing grassroots activities on the northwest side of the City of Chicago (four wards) and Norwood Park Township.

8. Defendant J.B. Pritzker is governor of the State of Illinois and the authority for Executive Order 2020-38. He lives and works in Cook County, Illinois. His address for service of process is Office of the Governor, 100 W. Randolph St., 16-100, Chicago IL 60601.

## JURISDICTION AND VENUE

9. This case raises claims under the First and 14th Amendments of the United States Constitution and 42 U.S.C. § 1983. The Court has subject-matter jurisdiction under 28 U.S.C. § 1331 and 28 U.S.C. § 1343.

10. Venue is appropriate under 28 U.S.C. § 1391(b)(1) and (2) because the Defendant is headquartered in and a substantial portion of the events giving rise to the claims occurred in the Northern District of Illinois.

## FACTUAL ALLEGATIONS

11. The Illinois Republican Party is the institutional vehicle through which millions of citizens of Illinois collectively express their political and policy preferences, and support candidates for local, state, and federal office.

12. The Illinois Republican Party and its local and regional affiliates (collectively "the Party") typically gather in-person in groups of more than 10 persons for a variety of activities: formal business meetings, such as its annual state convention and its central committee meetings; informal strategy meetings, such as staff and leadership conferring with Republican legislators, allied organizations, and consultants; rallies and bus tours, where it generates news media coverage for its candidates and issues, energizes current members, and recruits new members; and grassroots activism, such as phone banks and house parties.

13. The Party undertakes its gatherings throughout the calendar year, but it has a particular time-pressure to undertake these sessions in the next five months leading up to the 2020 general election.

14. The Party believes its effectiveness is substantially hampered by its inability to gather in person. There simply is no substitute for the energy, enthusiasm, personal connections to a candidate, and media coverage generated by a rally, a bus tour, or a fly-around. Politics is a people business, and it is most effective when people connect in person.

15. The Party is prevented from gathering more than 10 of its staff, leaders, consultants, members, donors, volunteers, activists, or supporters in one place by Governor Pritzker's Executive Order 2020-38, § 2.d (issued May 29, 2020), which states, "Any gathering of more than 10 people is prohibited unless exempted by this Executive Order."[1]

16. That same order exempts religious organizations. *Id*. at § 2.j.a. Churches and other faith-based associations are "encouraged to consult and follow the recommended practices and guidelines from the Illinois Department of Public Health," which means "limit[ing] indoor services to 10 people." *Id*. But they are only "encouraged" to "consult" the "recommended" "guidelines"; they are not required to obey them.

17. Governor Pritzker also has declined to enforce his executive order against protestors assembling in large groups of hundreds or more in response to recent police brutality. The Governor has characterized these marchers as "exercising their First Amendment rights" and stated that he was deploying

---

[1] Available online at https://www2.illinois.gov/Pages/Executive-Orders/ExecutiveOrder2020-38.aspx.

National Guard troops to "protect[ . . . the] First Amendment rights of peaceful protesters." In fact, he himself has engaged in one such march, recognizing the right of participants to make a free choice to attend even amidst a pandemic.

18. The Illinois Republican Party is dedicated to protecting the constitutional principles at the heart of our republic, including the separation of powers and limited government. *See* Illinois Republican Party I.A ("Our Party's Philosophy"). The Party is prevented from gathering by an executive order (2020-38) whose authority is based on a disaster declaration of May 29, 2020.[2] This is the Governor's fourth disaster declaration prompted by COVID-19; the others were issued on March 12, 2020; April 1, 2020; and April 30, 2020. The disaster declaration and executive order both rely on 20 ILCS 3305/7 of the Illinois Emergency Management Agency Act, which provides that the Governor may issue a disaster declaration that lasts for 30 days.

## COUNT I

**By treating the Party differently from houses of worship and protestors, the Governor's Executive Order 2020-38 violates the First Amendment.**

19. The allegations contained in all preceding paragraphs are incorporated herein by reference.

---

[2] Available online at https://www2.illinois.gov/sites/gov/Documents/CoronavirusDisasterProc-5-29-2020.pdf.

5

20. The right to freedom of speech in the First Amendment has been incorporated to and made enforceable against the states through the 14th Amendment guarantee of due process. *Gitlow v. New York*, 268 U.S. 652 (1925).

21. When the state grants access to one set of speakers, it must give equal access and treatment to all speakers of a similar character. *See Perry Educ. Ass'n v. Perry Local Educators' Ass'n*, 460 U.S. 37, 48 (1983). It may not favor one speaker over another. *Rosenberger v. Rector & Visitors of the Univ. of Va.*, 515 U.S. 819, 828 (1995); *Citizens United v. F.E.C.*, 558 U.S. 310, 340 (2010). To do otherwise is to discriminate in favor of certain speakers and against other similar speakers based only on the content of their speech, in this case religious speech versus political speech, or protest speech versus Republican speech, and this the First Amendment does not allow without a compelling government interest and narrow tailoring. *Reed v. Town of Gilbert*, 576 U.S. 155 (2015). Though the government has a compelling interest here in preventing the spread of COVID-19, its restrictions are not narrowly tailored because it is exempting certain politically powerful or sympathetic groups while enforcing them against similarly situated actors who lack the same political favor of the Governor. *See Roberts v. Neace*, 958 F.3d 409, *12 (6th Cir. 2020) (per curiam).

## COUNT II

### By treating the Party differently from houses of worship and protestors, the Governor's Executive Order 2020-38 violates the 14th Amendment's equal-protection clause.

22. The allegations contained in all preceding paragraphs are incorporated herein by reference.

23. The right to equal treatment of speakers under the First Amendment is coterminous with the general right to equal protection of the laws under the 14th Amendment. *Police Department of Chicago v. Mosley*, 408 U.S. 92, 96 (1972). *See also Proft v. Raoul*, 944 F.3d 686, 691 (7th Cir. 2019).

24. Therefore, just as the executive order violates the First Amendment, it also violates the 14th Amendment's equal protection clause.

## COUNT III

### The Governor's second, third, and fourth disaster declarations and Executive Order 2020-38 are *ultra vires,* i.e., without legal authority.

25. The allegations contained in all preceding paragraphs are incorporated herein by reference.

26. The Illinois Emergency Management Agency Act permits the Governor to issue a disaster declaration for up to 30 days in response to an emergency, including a public health emergency.

27. The 30-day cap on a disaster declaration provides important safeguards for the citizens of Illinois, by permitting an immediate and authoritative response from the executive in a moment of crisis, but limiting that response to 30 days to ensure legislative participation in any long-term policy decisions.

28. Moreover, the Office of the Attorney General of Illinois has concluded that the text of the Act does not permit successive declarations based on the same disaster. IL Atty. Gen. Op. I – 01 – 023 (July 2, 2001). *See* Statement of Interest, U.S. Dept. of Justice, *Bailey v. Pritzker*, 3:20-cv-00474, Dkt. 15, at *11-14.

29. Because the Governor has the authority to issue only one 30-day disaster declaration, the fourth COVID-19 declaration is ultra vires. Executive Order 2020-38 is also ultra vires, because it explicitly relies on and implements the Governor's authorities under the fourth declaration.

## PRAYER FOR RELIEF

Plaintiffs Illinois Republican Party, Will County Republican Central Committee, Schaumburg Township Republican Organization, and Northwest Side GOP Club respectfully request that this Court:

    a. Declare that treating political party gatherings differently from religious gatherings violates the First Amendment's free speech clause;

    b. Declare that treating political party gatherings differently from religious gatherings violates the 14th Amendment's equal protection clause;

    c. Declare that the May 29, 2020, disaster declaration and Executive Order 2020-38 are ultra vires;

    d. Enjoin Governor Pritzker from enforcing Executive Order 2020-38 against political parties;

  e. Enjoin Governor Pritzker from enforcing Executive Order 2020-38 because it derives its legal authority from the May 29, 2020, disaster declaration;

  f. Award Plaintiffs their costs and attorneys' fees under 42 U.S.C. § 1988; and

  g. Award any further relief to which Plaintiffs may be entitled.

Dated: June 15, 2020        Respectfully Submitted,

**ILLINOIS REPUBLICAN PARTY**

**WILL COUNTY REPUBLICAN CENTRAL COMMITTEE**

**SCHAUMBURG TOWNSHIP REPUBLICAN ORGANIZATION**

**NORTHWEST SIDE GOP CLUB**

By: /s/ Daniel R. Suhr

Daniel R. Suhr
Jeffrey M. Schwab
Liberty Justice Center
190 South LaSalle Street, Suite 1500
Chicago, Illinois 60603
Telephone (312) 263-7668
Facsimile (312) 263-7702
dsuhr@libertyjusticecenter.org
jschwab@libertyjusticecenter.org

*Attorneys for Plaintiffs*