# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| ILLINOIS REPUBLICAN PARTY, *et al.*, <br><br> Plaintiffs, <br><br> v. <br><br> J.B. PRITZKER, as Governor, <br><br> Defendant. | No. 1:20-cv-03489 <br> **Judge Sara L. Ellis** <br><br><br> **EXPEDITED MOTION FOR AN INJUNCTION PENDING APPEAL** |

Pursuant to Fed. R. Civ. Pro. 62(d), Plaintiffs respectfully move the Court to grant an injunction pending appeal. Granting an injunction pending an appeal is governed by familiar factors:

> If an appeal has no merit at all, an injunction pending the appeal should of course be denied." [*Cavel Int'l, Inc. v. Madigan*, 500 F.3d 544, 547 (7th Cir. 2007)]. However, as long as the Union's appeal has "some" merit, *id.*, this court must consider whether the Union has met its burden of demonstrating "[1] that it has a significant probability of success on the merits; [2] that it will face irreparable harm absent a stay; and [3] that a stay will not injure the opposing party and will be in the public interest." *Hinrichs v. Bosma*, 440 F.3d 393, 396 (7th Cir. 2006). The court applies a "sliding scale" approach to this balancing test, "weighting harm to a party by the merit of his case." *Cavel Int'l*, 500 F.3d at 547. The greater the harm, the less need to demonstrate a strong likelihood of success on the merits. *Thomas v. City of Evanston*, 636 F. Supp. 587, 591 (N.D. Ill. 1986) (Aspen, J.).

*Doe v. Cook Cty.*, No. 99 C 3945, 2010 U.S. Dist. LEXIS 117086, at *4-5 (N.D. Ill. Nov. 3, 2010).

Plaintiffs believe they have a significant probability of success on the merits, for the reasons given in their previous briefing (*see* Dkt. 3 & 11). The Will County Republican Central Committee also will suffer irreparable harm if an injunction does not issue because there will be no opportunity to replicate the unique experience of a Fourth of July event with fireworks during the summer preceding the 2020 presidential election. And the Committee has pledged to observe appropriate precautions to maintain a safe environment for its members and guests, such that the likelihood of harm at this one specific event is low. *See* Dkt. 3, Ex. 3, ¶ 7 (affidavit of George Pearson, Will County Committee chairman).

However, if this Court concludes the likelihood of success on the merits and balance of harms weigh against an injunction pending appeal, for the same reasons as its decision on the motion for a temporary restraining order and preliminary injunction, the Plaintiffs request that the Court issue its denial immediately so they may expeditiously seek an injunction pending appeal from the U.S. Court of Appeals for the 7th Circuit. *See* Fed. R. App. Pro. 8(a). *See also* 7TH CIR. PRACTITIONER'S HANDBOOK FOR APPEALS at 89 (2019 Ed.) ("The party seeking a stay ordinarily must file the motion in the district court first. Fed. R. App. P. 8(a)(1). The court of appeals rarely will consider a motion for stay in the first instance.").

Plaintiffs ask that the Court take this action immediately so they may appeal expeditiously. Defendant would not be prejudiced by such a decision, because such a denial would be to his advantage at the trial court and would be based on the arguments he has successfully made in the Court's original decision on the TRO/PI.

Dated: July 2, 2020  Respectfully Submitted,

**ILLINOIS REPUBLICAN PARTY, *ET AL.***

By: /s/ Daniel R. Suhr

Daniel R. Suhr
Jeffrey M. Schwab
Liberty Justice Center
190 South LaSalle Street, Suite 1500
Chicago, Illinois 60603
Telephone (312) 263-7668
dsuhr@libertyjusticecenter.org
jschwab@libertyjusticecenter.org

*Attorneys for Plaintiffs*

## CERTIFICATE OF SERVICE

Served electronically on counsel for the Governor via email. /s/ Daniel Suhr