# United States Court of Appeals
**For the Seventh Circuit**
**Chicago, Illinois 60604**

July 3, 2020

**Before**

DIANE P. WOOD, *Chief Judge*

JOEL M. FLAUM, *Circuit Judge*

AMY C. BARRETT, *Circuit Judge*

No. 20-2175

| | |
|---|---|
| ILLINOIS REPUBLICAN PARTY, *et al.*, *Plaintiffs-Appellants*, | Appeal from the United States District Court for the Northern District of Illinois, Eastern Division. |
| *v.* | |
| | No. 1:20-cv-03489 |
| J.B. PRTIZKER, as Governor, *Defendant-Appellee*. | Sarah L. Ellis, *Judge*. |

**O R D E R**

The plaintiff-appellants sued Governor Pritzker, asserting that his executive order in response to the global pandemic caused by the virus COVID-19 violates the First Amendment, the Fourteenth Amendment, and is ultra vires, and they moved in the district court for a temporary restraining order or preliminary injunction preventing the governor from enforcing the order. The district court denied the motion, and the plaintiffs appealed. They have filed this emergency motion to preliminarily enjoin the governor's executive order pending appeal.

For this court to enter a preliminary injunction, the movants must first demonstrate a likelihood of success on the merits. See *Winter v. Natural Resources Defense Council, Inc.*, 555 U.S. 7, 20 (2008). They must also show the absence of an adequate remedy at law and a threat of irreparable harm without a stay. *Whitaker ex rel. Whitaker*

*v. Kenosha Unified Sch. Dist. No. 1 Bd. of Educ.*, 858 F.3d 1034, 1044 (7th Cir. 2017). If they make this showing, we then consider the balance of harms. *Id.*

The plaintiffs argue that they have a likelihood of success because the governor's order is a content-based restriction on speech. Although that may be true, see *Reed v. Town of Gilbert*, 576 U.S. 155, 163 (2015), that fact is not dispositive by itself. We must then consider whether this distinction can survive strict scrutiny. See *id.* at 171. The plaintiffs concede that the executive order is supported by a compelling state interest, namely, the need to fight COVID-19 effectively. That need necessarily takes into account both the extraordinarily infectious nature of this particular virus and the very high efficiency of transmission. There is thus a very close link between a measure regulating the size of gatherings and the goal of impeding the spread of the virus.

And the adoption of an exception that recognizes the constitutional status of the right to free exercise of religion does not automatically run afoul of the rule in *Reed*. The First Amendment already protects the right to freedom of speech and freedom of association. Using the normal canons of interpretation, we would not expect the Free Exercise Clause to be surplusage—it must be doing more work. See *Orgone Capital III, LLC v. Daubenspeck*, 912 F.3d 1039, 1047 (7th Cir. 2019) (citing ANTONIN SCALIA & BRYAN A. GARNER, READING LAW 176 (2012)). Our recent opinion in *Elim Romanian Pentecostal Church v. Pritzker*, 20-1811, 2020 WL 3249062 (7th Cir. June 16, 2020) (*Elim II*), holds that the governor did not even have to accommodate religion in this way. But *Elim II* does not hold that he was forbidden from doing so. Accordingly, the plaintiffs are unlikely to succeed on the merits.

As for the balance of harms, we see no logical stopping point to the plaintiffs' position here; they seem to want an all-or-nothing rule. COVID-19 is "a novel severe acute respiratory illness that has killed … more than 100,000 nationwide. At this time, there is no known cure, no effective treatment, and no vaccine. Because people may be infected but asymptomatic, they may unwittingly infect others." *S. Bay United Pentecostal Church v. Newsom*, 140 S. Ct. 1613 (2020) (Roberts, C.J., concurring). If 100 Democrats or 100 Republicans gather and ten get infected, those ten may go home and infect a local shopkeeper, a local grocery-store worker, their postal carrier, or their grandmother—someone who had no interest in the earlier gathering. Thus, the balance of harms in this instance strongly favors the governor.

Accordingly, IT IS ORDERED that the motion is DENIED.