## UNITED STATES DISTRICT COURT
## NORTHERN DISTRICT OF ILLINOIS
## EASTERN DIVISION

| | | |
|---|---|---|
| ILLINOIS REPUBLICAN PARTY, WILL COUNTY REPUBLICAN CENTRAL COMMITTEE, SCHAUMBURG TOWNSHIP REPUBLICAN ORGANIZATION, and NORTHWEST SIDE GOP CLUB, | ) ) ) ) ) ) | |
| Plaintiffs, | ) ) | No. 20 C 3489 |
| v. | ) ) | Judge Sara L. Ellis |
| GOVERNOR JB PRITZKER, | ) ) | |
| Defendant. | ) | |

## OPINION AND ORDER

In response to the ongoing COVID-19 pandemic, Defendant JB Pritzker, Governor of Illinois, issued a series of executive orders that includes Executive Order 2020-43 ("Order").[1] Although no longer in effect, the Order prohibited gatherings greater than fifty people but exempted the free speech of religion from this limit. Plaintiffs Illinois Republican Party, Will County Republican Central Committee, Schaumburg Township Republican Organization, and the Northwest Side GOP Club filed suit against the Governor, alleging that the Order violated their rights under the First and Fourteenth Amendments. Specifically, Plaintiffs allege that by exempting the free exercise of religion from the general gathering limit, the Governor created an unconstitutional content-based restriction on speech. Plaintiffs also claim that by not enforcing

---

[1] Although Plaintiffs challenged Executive Order 2020-38 in their complaint, the Court and parties focused their arguments on EO 2020-43, which superseded EO 2020-38, in addressing Plaintiffs' motion for a temporary restraining order and preliminary injunction. Doc. 16 at 1 n.1. The Seventh Circuit, when considering Plaintiffs' appeal of the denial of injunctive relief, also addressed EO 2020-43. *Ill. Republican Party v. Pritzker*, 973 F.3d 760, 761 & n.1 (7th Cir. 2020). The Governor reissued EO 2020-43 in EO 2021-09, effective through May 29, 2021. On May 17, 2021, EO 2021-10 superseded EO 2020-43, as amended by EO 2021-09. Nonetheless, because Plaintiffs continue to challenge the provisions in EO 2020-43, the Court only addresses EO 2020-43 in this Opinion.

the Order against protestors following the death of George Floyd, the Governor created another

exception.[2]  On July 2, 2020, the Court denied Plaintiffs' motion for preliminary relief, Doc. 16,

and the Seventh Circuit affirmed that denial on September 3, 2020, *Ill. Republican Party*, 973

F.3d 760.  The Governor now moves to dismiss Plaintiffs' complaint under Federal Rules of

Civil Procedure 12(b)(1) and 12(b)(6).  Because the restrictions on gatherings due to the

pandemic set forth in the Order are no longer in place and not reasonably expected to recur, the

Court concludes that this case is moot and dismisses it without prejudice.

## BACKGROUND

In response to the ongoing COVID-19 pandemic, the Governor issued a series of

executive orders intended to limit the virus' opportunities to spread.  On May 29, 2020, in

connection with a multi-stage reopening plan, the Governor issued EO 2020-38, which

prohibited gatherings of more than ten people, subject to certain exemptions.  On June 26, 2020,

the Governor issued the Order, which increased the gathering limit to fifty people.  The Order

exempted free exercise of religion, emergency functions, and governmental functions.  The free

exercise of religion exemption states:

> This Executive Order does not limit the free exercise of religion.
> To protect the health and safety of faith leaders, staff, congregants
> and visitors, religious organizations and houses of worship are
> encouraged to consult and follow the recommended practices and
> guidelines from the Illinois Department of Public Health.  As set
> forth in the IDPH guidelines, the safest practices for religious
> organizations at this time are to provide services online, in a drive-
> in format, or outdoors (and consistent with social distancing
> requirements and guidance regarding wearing face coverings), and
> to limit indoor services to 10 people. Religious organizations are

---

[2] Plaintiffs also asserted a state law claim arguing that the Governor's disaster proclamations and executive orders exceeded his authority under the Illinois Emergency Management Agency Act, 20 Ill. Comp. Stat. 3305/1 *et seq*.  Plaintiffs acknowledge that they cannot pursue this claim in federal court and so the Court does not address it further in this Opinion.  *See* Doc. 36 at 10 n.14.

encouraged to take steps to ensure social distancing, the use of face
coverings, and implementation of other public health measures.

Doc. 12 at 7.

Plaintiffs sued the Governor to challenge the Order on June 15, 2020. Specifically, Plaintiffs asserted that by merely "encourag[ing]" religious organizations and houses of worship to consult the guidelines, the Order treated religious speech differently. Doc. 1 ¶ 16. They contend that the Illinois Republican Party and its local and regional affiliates typically gather in large groups for formal business meetings, informal strategy meetings, and other events, and that the effectiveness of these events "is substantially hampered by [their] inability to gather in person." *Id.* ¶ 14. According to Plaintiffs, "[p]olitics is a people business" that is "most effective when people can connect in person." *Id.* Plaintiffs filed the suit with the hope of resuming all gatherings greater than the capacity limit, including gatherings amongst "staff, leaders, consultants, members, donors, volunteers, activists, and supporters." *Id.*

Plaintiffs also criticized the Governor's enforcement of the Order, alleging that the Governor had declined to enforce his executive order against protestors following the death of George Floyd. According to Plaintiffs, the Governor had characterized these protestors as "exercising their First Amendment rights" and had engaged in one such protest himself. Plaintiffs alleged that the Governor had discriminated in favor of certain speakers based on the content of their speech; "in this case religious speech versus political speech, or protest speech versus Republican speech." *Id.* ¶ 21.

Since issuing the Order, Pritzker has not imposed further restrictions on gatherings despite surges of COVID-19 cases in the fall of 2020, winter of 2021, and now this summer of 2021. And on June 11, 2021, Illinois transitioned to a full reopening. Although the Governor has reimposed a mask requirement, he has not imposed any restrictions on gatherings.

## ANALYSIS

While the Governor raises a number of arguments as to why the Court should dismiss Plaintiffs' complaint, the Court finds it only needs to address whether it continues to have subject matter jurisdiction over this case. Federal court limitation under Article III of the Constitution "requires those who invoke the power of a federal court to demonstrate standing—a personal injury fairly traceable to the defendant's allegedly unlawful conduct and likely to be redressed by the requested relief[,]" including cases that are moot. *Already, LLC v. Nike, Inc.*, 568 U.S. 85, 90 (2013) (quotations omitted); *see Nowlin v. Pritzker*, No. 1:20-CV-1229, 2021 WL 669333, at *3 (C.D. Ill. Feb. 17, 2021) ("A litigant also must have suffered an injury that is still capable of being redressed by a favorable judicial decision in order to meet the Article III justiciability requirement." (citing *Ostby v. Manhattan Sch. Dist. No. 114*, 851 F.3d 677, 682 (7th Cir. 2017))).

"A case becomes moot—and therefore no longer a 'Case' or 'Controversy' for purposes of Article III—'when the issues presented are no longer live or the parties lack a legally cognizable interest in the outcome.'" *Already, LLC*, 568 U.S. at 91 (quoting *Murphy v. Hunt*, 455 U.S. 478, 481 (1982)). Thus, "the case is moot if the dispute is no longer embedded in any actual controversy about the plaintiff's particular legal rights." *Id*. But "a defendant cannot automatically moot a case simply by ending its unlawful conduct once sued," *Elim Romanian Pentecostal Church v. Pritzker*, No. 20 C 2782, 2021 WL 3142111, at *3 (N.D. Ill. July 26, 2021), because "[o]therwise, a defendant could engage in unlawful conduct, stop when sued to have the case declared moot, then pick up where he left off, repeating this cycle until he achieves all his unlawful ends," *Already, LLC*, 568 U.S. at 91. Rather, the Governor has the heavy burden to show "that it is absolutely clear the allegedly wrongful behavior could not reasonably

4

be expected to recur." *Id*. (citing *Friends of the Earth, Inc. v. Laidlaw Env't Servs. (TOC), Inc.*, 528 U.S. 167, 190 (2000)).

Here, the Governor argues that, in light of the fact that no gathering limitation exists at this time and Plaintiffs seek only injunctive and declaratory relief, there is no actual case or controversy for the Court to address. The Governor notes that Plaintiffs held many of the in-person events they claimed the Order prohibited, undermining any argument of an injury. Further, the Governor argues that Plaintiffs' claim concerning their inability to gather in person is "contingent on a reversal in positive trends that would prompt the State to change its present course." Doc. 35 at 9. This is particularly true now, where Illinois has removed all capacity limits, even though COVID-19 numbers have surged again. *See* Phase 5: Illinois Restored, https://coronavirus.illinois.gov/restore-illinois/phase-5.html. And to address the most recent surge, instead of imposing gathering limits, the Governor has reimposed an indoor mask mandate and required vaccinations for school and higher education personnel, higher education students, and state employees and contractors at state-owned or operated congregate facilities. EO 2021-20, https://coronavirus.illinois.gov/resources/executive-orders/display.executive-order-number-20.2021.html.

In their response, Plaintiffs argue that no guarantee exists that the Governor will not impose new gathering limits in response to a surge in COVID-19 cases. They cite to *Roman Catholic Diocese of Brooklyn v. Cuomo*, in which the Supreme Court rejected the argument that challenges to New York's gathering limitations were moot. --- U.S. ----, 141 S. Ct. 63, 68 (2020). But in that case, the governor had not removed all capacity limitations, and the possibility that a stricter restriction could apply remained likely. *Id.* ("The Governor regularly changes the classification of particular areas without prior notice. If that occurs again, the

reclassification will almost certainly bar individuals in the affected area from attending services before judicial relief can be obtained." (footnote omitted)). Here, the gathering limits ended in May 2021 and, despite the surge in cases, no credible threat exists as to their reinstatement. *See Elim*, 2021 WL 3142111, at *4 ("no credible threat of reinstatement" of order restricting religious activities where "the state did not attempt to reinstate its orders on religious activities <u>at all</u>" during prior COVID-19 surges); *Boston Bit Labs, Inc. v. Baker*, --- F.4th ----, 2021 WL 3782128, at *6 (1st Cir. 2021) ("[T]he offending order is gone, along with the COVID-19 state of emergency. And if more were required (which again we doubt), Governor Baker has not tried to reinstate an order like Order 43 at all despite upticks in COVID-19 cases after he jettisoned Order 43."); *Hawse v. Page*, 7 F.4th 685, 686 (8th Cir. 2021) ("The disputed order was superseded in May 2020 in light of changing public health conditions, and circumstances have evolved substantially since then."); *Nowlin v. Pritzker*, No. 1:20-CV-1229, 2021 WL 669333, at *3 (C.D. Ill. Feb. 17, 2021) ("[T]he restrictions have not been in place since before Plaintiffs brought this action over six months ago. Plaintiffs have not pointed the Court to any facts suggesting that the Governor will impose similar restrictions anytime in the near future"). Therefore, Plaintiffs' challenges to the Order's gathering limits no longer present a live controversy, meaning their claims are moot. *See Pearson*, 2021 WL 1121086, at *5 (plaintiffs' challenges to COVID-19 orders were moot where they failed to show that "they will again be subject to an allegedly illegal Executive Order"); *Tolle v. Northam*, No. 120CV363LMBMSN, 2021 WL 3216467, at *7 (E.D. Va. July 29, 2021) (challenge to COVID-19 mitigation measures was moot because "the Executive Orders about which Tolle complains have been rescinded and there is no indication that the defendants will adopt new restrictions."); *Lewis v. Cuomo*, No. 20-CV-6316, 2021 WL 3163238, at *8 (W.D.N.Y. July 27, 2021) ("[I]t is clear to the Court that the

6

challenged conduct has now ceased . . . . [and] there is no 'reasonable expectation of a recurrence.'" (citation omitted)).

## CONCLUSION

For the foregoing reasons, the Court grants the Governor's motion to dismiss the complaint [34]. The Court dismisses this case without prejudice. Case terminated.


Dated: September 7, 2021

SARA L. ELLIS
United States District Judge